1  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
2  Frank R. Trechsel (SBN 312199)
   ftrechsel@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice, California 90291
5  Telephone: (310) 590-1820
6
7  *Attorneys for Plaintiff*
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABRIC SELECTION, INC., a California Corporation, | Case No.: 2:24-cv-05843 |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| v. | 1. COPYRIGHT INFRINGEMENT (17 U.S.C. 101, *et. seq.*) |
| HEYRI J, INC., a California corporation d/b/a "Altar'd State"; BLUSH BOUTIQUE CO LLC, a Colorado limited liability company; FTL Apparel, LLC, a Colorado limited liability company d/b/a "JOYFOLIE" and "mia JOY"; SEXY MAMA MATERNITY LLC, an Idaho limited liability company; and DOES 1 through 10 inclusive, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |
| Defendants. | |

- 1 -
COMPLAINT

Plaintiff FABRIC SELECTION, INC. (hereinafter "FSI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant HEYRI, J, INC., doing business as "Altar'd State" ("Alatr'd State"), is a California corporation with its principal place of business at 219 E. 32nd St., Los Angeles, CA 90011 and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant BLUSH BOUTIQUE CO LLC ("Blush Boutique") is a Colorado limited liability company with its principal place of business at 805 8th St., Suite 100, Greeley, CO 80631 and is doing business in and with the State of California.

7. FSI is informed and believes and thereon alleges that Defendant FTL APPAREL, LLC ("FTL Apparel") is a Colorado limited liability company doing business as "JOYFOLIE" and "mia JOY" with its principal place of business at 1050 Neon Forest Circle, Longmont, CO 80504 and is doing business in and with the State of California.

8. FSI is informed and believes and thereon alleges that Defendant Sexy Mama Maternity LLC ("Sexy Mama Maternity") is an Idaho limited liability company with its principal place of business at 400 E. Curling Dr., Boise, ID 83702 and is doing business in and with the State of California.

9. Upon information and belief, Defendants Does 1 through 10, inclusive, (collectively, "DOE Defendants") (together with Altar'd State, Blush Boutique, FTL Apparel, and Sexy Mama Maternity, "Defendants") are other parties not yet identified who have infringed FSI's copyrights, have contributed to the infringement of FSI's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to FSI, which therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. FSI is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of FSI's rights and the damages to FSI proximately caused thereby.

## CLAIMS RELATED TO DESIGN SR70305

11. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing, entitled FSI's internal design number SR70305 ("Subject Design"), and registered the Subject Design with the U.S. Copyright Office.

12. The Subject Design is an original creation of FSI and/or FSI's design team, and is, and at all relevant times was, owned exclusively by FSI.

13. FSI widely disseminated the Subject Design to numerous parties in the fashion and apparel industries.

14. Following FSI's display and distribution of the Subject Design, Defendants created, manufactured, distributed, offered for sale, sold, displayed, reproduced, and/or otherwise used fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from Plaintiff (the "Infringing Products.") Representative examples comparing the Subject Design and Infringing Products are below:

| **SR70305** | **Altar'd State's Garment** |
|---|---|
|  |  |
| | **Detail** |
| |  |

| SR70305 | Blush Boutique's Garment |
|---|---|
|  |  |
| | **Detail** |
| |  |

| SR70305 | FTL Apparel's Garment |
|---|---|
|  |  |
| | **Detail** |
| |  |

## SR70305



## Sexy Mama Maternity's Garment



## Detail



15. The above comparisons make apparent that significant portions of the Subject Design, including the composition, arrangement, and layout of floral elements, and overall appearance of the design, including type of flowers and number of petals and leaves, is substantially similar to the design on the garments at issue.

16. FSI discovered the Infringing Garments in April 2023, August 2023 and March 2024, and had no reason to know of them prior to those times.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

17. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. FSI is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design including, without limitation, through (a) FSI's showroom and/or design library; (b) illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) FSI's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

19. FSI is informed and believes and thereon alleges that one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendant(s) supplied garments, including the Infringing Garments, to said Defendant retailers; and that said Defendant retailers used the Infringing Garments as alleged above.

20. Due to Defendants' acts of infringement, FSI has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, Defendants have obtained profits they would not have realized but for their infringement of FSI's copyright in

the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of FSI's rights in the Subject Design in an amount to be established at trial.

22. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

23. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

24. FSI is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

25. FSI is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged hereinabove, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

28. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, FSI prays for judgment as follows:

### Against All Defendants

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees, and anyone working in concert with Defendants/and or their agents, be enjoined from infringing FSI's copyrights in any manner, specifically those for the Subject Design;

b. That FSI be awarded all profits of Defendants plus all losses of FSI attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That FSI be awarded its attorneys' fees under 17. U.S.C. § 505;

d. That FSI be awarded pre-judgment interest as allowed by law;

e. That FSI be awarded the costs of this action; and

f.  That FSI be awarded such further legal and equitable relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 11, 2024      By:    /s/ Trevor W. Barrett
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*